UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUEEN E. GLYMPH,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 01-1333 (JMF)

**MEMORANDUM OPINION**

I have been anxious to enter final judgment in this case and, to that end, I issued what could not have been a clearer order as to the parties' obligations. That order provided:

> The parties shall meet and confer and attempt, in good faith, to agree upon an amount of back pay to be awarded plaintiff. Back pay shall be calculated in accordance with the Memorandum Opinion being simultaneously issued, encompassing the time from plaintiff's termination to the date of this opinion, less all the workmen's compensation that has been paid plaintiff in the same period. Within three weeks of this order, the parties shall jointly file either a proposed final judgment for the award of back pay or a praecipe indicating where they agree and disagree. At that point, the Court will determine whether additional briefing is necessary.

Order of June 27, 2005 at 2.

The accompanying memorandum opinion stated:

> The parties are agreed that for the period from June 9, 1997 to December 9, 1997, plaintiff should be compensated at a rate of two hours per day, and for the period from December 9, 1997 to January 1, 1999 at a rate of four hours per day. They also agree that compensation would be at the same rate of pay as her prior position, GS-12, step 9, with an annual salary of $49,045. At that

point, the agreement ends.

Findings of Fact and Memorandum Opinion of June 27, 2005 at 18.[1]

I then resolved the disagreement to which I referred by concluding that (a) plaintiff was entitled to back pay, despite her receipt of workmen's compensation in the interim between her termination and my order of June 27, 2005, and (b) plaintiff was not entitled to a promotion at some indefinite point in that same interim. Id.

Given what I said, what I should have gotten was a spreadsheet showing what a GS-12, step 9, earned in the period I specified and what was paid plaintiff in workmen's compensation during the specified period. If I was not to get that, I was to get a praecipe indicating why there was any disagreement as to resulting figures. I got neither. Instead, the District provided an unsigned document called "Proposals" that is an attachment to Plaintiff's Motion for Entry of a Final Order. It multiplies what a GS-12, step 9 was being paid when plaintiff was terminated by the number of pay periods per annum in the interim between her termination and the date of my order. Thus, the District asserts irrationally that a GS-12, step 9 employee of the District of Columbia receives absolutely no increase in compensation over an 8-year period. But, plaintiff has produced vacancy announcements that indicate that in 2004 and 2005, grade GS-12 employees were, of course, receiving a greater salary than that received in 1997. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Entry of a Final Order, Exhibit 2 (vacancy announcement for GS-12 position with a salary range of $57,521-$74,773 per annum). Thus, the calculations offered by the District are useless.

Plaintiff has waited long enough for a final judgment and I will now enter it, with the

---

[1] Hereafter "Mem."

following explanation.

Plaintiff estimates that the difference between what she would have earned and her workmen's compensation benefits to be $105,300. <u>Plaintiff's Reply to Defendant's Oppositon to Plaintiff's Motion for Entry of a Final Order at $105,300</u>. I will enter final judgment in that amount in ten business days from this order unless the defendant submits a spreadsheet that shows exactly, pay period by pay period, what a GS-12, step 9 did in fact earn in the period from plaintiff's termination until October 1, 2006. That spreadsheet shall allow for and show every pay increase of whatever kind or nature, including any step increases, that such an employee would have earned in that period of time, pay period by pay period.[2] The District shall file a second spreadsheet indicating the exact payments, pay period by pay period, that plaintiff received in workmen's compensation, identifying specifically what each payment represents.

These spreadsheets will be filed with the Court accompanied by a certification, under oath, by the Director of the Department of Mental Health, that they are true and accurate. That submission, in turn, will be accompanied by a certification by counsel for the defendant that the District's submissions are true and accurate. I will punish the falsity of either such representation as a contempt of court.

My Memorandum Opinion also spoke to the obligation I had to do everything I could to have the defendant offer plaintiff a position commensurate with her abilities but in which her disabilities are accommodated in both the short and long term. Mem at 15-16. A position was found several months ago but plaintiff protests that she does not meet the requirement of the

---

[2] Note that I persist in my view (Memorandum of Opinion at 20-21) that it is speculative to conclude that plaintiff would have been promoted to a GS-13 in this period of time.

position. <u>Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Entry of a Final Order</u> at 5.  In any event, I do not know whether it is still available and I have decided to wipe the slate clean and by a final judgment oblige the defendant to continue to find and offer to plaintiff a position that meets the requirements specified in my Memorandum Opinion under the conditions specified in the final order.  This time, however, I am going to create what I hope will be a powerful incentive for the defendant to find plaintiff a job.  I am going to order the defendant to pay plaintiff no less than what a GS-12, step 9,[3] is now earning until plaintiff is re-employed or unreasonably rejects a position that is offered her.

      Finally, I find that plaintiff's request for attorney fees is reasonable and will award them.

      The proposed final judgment I will enter accompanies this opinion.

                                        _____
                                        JOHN M. FACCIOLA
                                        UNITED STATES MAGISTRATE JUDGE

Dated:

---

[3] Note that if in the interim plaintiff would have gotten step increases they must be taken into account and plaintiff must receive the benefit of those increases.